NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

SEP 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYSHAN THOMAS, AKA Bones, AKA
Rayshawn Thomas, AKA Rashawn
Thomas,

Defendant - Appellant.

No. 24-6126

D.C. No.
3:16-cr-01284-MMA-1

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted August 20, 2025
Pasadena, California

Before: BERZON, BENNETT, and SUNG, Circuit Judges.

Defendant Rayshan Thomas appeals from the district court's revocation of his

supervised release and resentencing. Thomas challenges the presentation of multiple

out-of-court statements made by his wife's minor daughter M1 and minor son M2 at

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

his revocation of supervised release hearing.[1]  M1 and M2's statements were the Government's primary evidence to support the allegation that Thomas violated the terms of his supervised release on June 9, 2024, by entering his wife's residence through a window.  Absent those statements, there would have been insufficient evidence on which to base a violation finding as to that date.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

1.  The district court did not err by admitting the children's out-of-court statements during the revocation proceedings.  "Whether a defendant has received due process at a revocation proceeding is a mixed question of law and fact we review de novo."  *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).  We apply a balancing test to determine whether a defendant's due process right to confrontation was violated at the revocation hearing, weighing his interest in confronting the witness against the government's good cause for failing to procure her.  *See United States v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993).  The strength of Thomas's right to confront M1 and M2 depends on "the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay evidence."  *United States v. Comito*, 177 F.3d 1166, 1171 (9th Cir. 1999).  The more important the evidence is to the district court's finding or "the more subject to

---

[1] For privacy reasons, we refer to Thomas's wife's minor children as M1 and M2.  At the time of Thomas's revocation of supervised release hearing, M1 was a sixteen-year-old female and M2 was a fifteen-year-old male.

question the accuracy and reliability of the proffered evidence, the greater [Thomas's] interest in testing it by exercising his right to confrontation." *Id.*

There were many indicators that the children's out-of-court statements were reliable. They could readily identify Thomas because he is their stepfather.  M1 is the person who called the police.  The children's conversations with the police officer were recorded on camera.  Both made their statements shortly after the police were called.  The accounts were consistent.  The officer took M1's statement in a question-and-answer format.

There were also other incidents similar to the one that the children reported, lending further credence to their statements.  The district court previously found Thomas violated the terms of his supervised release, in largely the same manner, after he admitted to "enter[ing] [the] dwelling through a window" on October 5, 2022.  Also, it is undisputed that on June 23, 2024, Thomas violated the terms of his supervised release by entering his wife's residence when M1 was home.  We also note that Thomas's June 9 violation was one of five Grade C violations found in the same hearing and together constituting the grounds for revocation of supervised release, including the closely similar violation on June 23.  Thomas conceded the June 9 violation's inclusion did "not meaningfully impact the sentencing guidelines."

Turning to good cause, the Government offered that "we're talking about

children" and that it would be highly inconvenient "considering the type of hearing . . . to take them out of school for a hearing like this where the other factors support admission." Because the children's statements were sufficiently reliable, the district court did not err in finding that there was adequate good cause to excuse their absence. The district court did not violate Thomas's due process rights to confront witnesses against him by admitting and considering the children's out-of-court statements.

2. The district court did not improperly consider the children's out-of-court statements in imposing an above-Guidelines sentence. A district court does not violate a defendant's due process rights by relying on out-of-court statements during sentencing if the statements were "substantively reliable." *United States v. Franklin*, 18 F.4th 1105, 1124–25 (9th Cir. 2021). Substantive reliability is a "factual question that we review for clear error." *Id.* at 1125.

The district court did not clearly err in finding that the children's statements were substantively reliable because, as discussed, there were many indicators that the out-of-court statements were substantively reliable. Accordingly, the district court's consideration of the out-of-court statements at sentencing did not violate Thomas's due process rights.

**AFFIRMED.**